STATE, TERHUNE ET AL., PROSECUTORS, v. CITY OF PASSAIC.

1. The charter of the city of Passaic authorizes the appointment of commissioners to make an assessment of the damages to be paid to the owners of lands taken for the purposes of a city improvement, and provides that, in case commissioners were appointed to make the assessment and appraisement of damages, the assessment for benefits should be made by the same commissioners. Commissioners were appointed to make the assessment and appraisement of damages, and, after the improvement was completed, the same commissioners made an assessment for benefits, and reported the same to the common council. *Held,* that the common council, on its disapproval of the report of the commissioners, and the refusal of the commissioners to alter the same, had no power to remove the commissioners and appoint others in their places, to make the assessment for benefits.
2. The power of the city council in the matter of street improvements, is a specially delegated authority, and the acts of the city government thereunder are legal only when they are strictly in conformity with its directions.

On *certiorari.* In matter of assessment for benefits for the opening of Passaic avenue.

Argued at November Term, 1878, before Justices DAL-RIMPLE, DEPUE, and SCUDDER.

For the plaintiff in *certiorari*, *H. K. Coddington*.

For the defendant, *T. M. Moore*.

The opinion of the court was delivered by

DEPUE, J. Of the reasons assigned for the reversal of this assessment, it will only be necessary to consider the one which relates to the mode in which the commissioners who made the assessment under review were appointed.

The improvement was authorized, and the work done under an ordinance of the city council adopted March 16th, 1874, in pursuance of the city charter of April 2d, 1873. *Pamph. L., p.* 482.

By the sixty-first section of the charter, the city council was authorized to appoint three commissioners to make an assessment of the damages to be paid to the owners of lands and real estate taken for the purpose of the improvement, and, in estimating such damages, the commissioners were required to have due regard both to the value of the lands, and real estate taken, and to the injury or benefit to the owner or owners thereof by the making of such improvement.

Section sixty-seven provided for the appointment, by the city council, of three commissioners to make the assessment for benefits; but the council was only authorized to appoint commissioners to make such assessment in case commissioners had not been previously appointed to make the estimate of damages for lands appropriated for the improvement; and in case commissioners were appointed to make an estimate and appraisement of damages, the section required that the assessment for benefits should be made by the said commissioners.

The supplement of 1875 made some alterations in the city charter, with respect to the principle on which assessments for benefits should be made, but it made no change in the mode of appointing commissioners for that purpose. *Pamph. L., p.*

570.   Section sixty-seven of the original charter was unchanged, except in a matter of insignificant importance.

On the 22d of April, 1874, a special committee of the city council appointed to treat with property owners for the acquisition, by purchase, of the lands necessary for opening the proposed street, reported their inability to agree with them, and recommended the appointment of commissioners to appraise the damages under proceedings to condemn.   Messrs. Ackerman, Cowenhoven, and Morrell were accordingly appointed such commissioners.   Ackerman having resigned, Van Iderstine was appointed in his place, and a commission for the appraisement of damages was regularly constituted, composed of the three persons named, viz., Van Iderstine, Cowenhoven, and Morrell.

The assessment for benefits was referred to these commissioners, who duly reported it to the council, with protests which had been filed against the same.   May 1st, 1876, the commissioners' report was received, and referred to the committee on streets and assessments, and afterwards, on an adverse report by the committee, the report of the commissioners was referred back to them for alteration.   The commissioners returned the original assessment to the city council, with a report that they did not think it justifiable to make any alteration in their original assessment.   Thereupon, the city council discharged these commissioners, and appointed in their stead Messrs. Ackerman, Colegrove, and Guiterrez, commissioners to make an assessment for benefits.   The assessment under review was made by the last-named commissioners.

It appears by the papers returned with this writ, that the committee on streets and assessments condemned the report of the commissioners "as unjust in many respects," and that there was a disagreement between the commissioners and the legal adviser of the city as to the construction and applicability of the act of 1875 to this improvement.   The merits of this controversy we have not the means of considering, and if they were before this court, we could not, on this writ,

consider them. It is sufficient for present purposes, that the city council had no power to appoint the new commissioners.

The power of the city council in the matter of street improvements is a specially delegated authority, and the acts of the city government thereunder are legal only when they are strictly in conformity with its directions. *Perrine* v. *Farr*, 2 *Zab.* 356, 365; *Carron* v. *Martin*, 2 *Dutcher* 594; *State* v. *City of Hudson*, 5 *Dutcher* 104. The charter expressly provided that the assessment for benefits should be made by the same commissioners who made the appraisement for damages, and plainly forbid the appointment of commissioners for the purpose of assessing benefits in cases where commissioners had been appointed to estimate the damages. A commission having been created for the assessment of damages, it became the only tribunal which, by the city charter, was empowered to make the assessment for benefits, and the city council had no power to discharge the commissioners so appointed and constitute a new commission in its place.

For this reason, the assessment should be set aside.