[Civ. No. 2560.  Second Appellate District, Division One.—April 22, 1919.]

WINIFRED F. MARR, Appellant, v. CITY OF GLENDALE et al., Respondents.

[1] WATERS AND WATER RIGHTS — USE OF WATER OF PARTICULAR STREAM—RIGHT OF COMPANY TO SUPPLY OTHER WATER.—Where a property owner has no interest in the water of a particular stream from which the company furnishing her with water obtains its supply, she has no right to complain because such company sells all or any part of the water from which it supplied her at any particular time, so long as it keeps in its pipes other water of fair quality and reasonable in quantity and pressure.

[2] ID.—RIGHT OF WATER COMPANY TO ABANDON BUSINESS.—Where such property owner was without any right of use in the water itself, even though the company had abandoned its business of supplying

property owners with water and thus left its supply pipes empty, she could not have complained.

[3] ID.—SUPPLYING OF WATER BY MUNICIPALITY — RIGHT TO COMPEL EXTENSION OF SYSTEM.—From the fact that a municipality may engage in the business of supplying its inhabitants with water, it does not follow that every property owner or taxpayer, however remote his land may be situated from the distributing system, can by mandate compel such extension of the system as will make available to him that supply. It would be most unreasonable to hold that a municipality must establish an expensive system of distributing lines to reach isolated inhabitants or to supply one or two persons living in places remote from well-settled districts; and more particularly is this true where the person asking for such service already has at his door water in sufficient quantity and of reasonably good quality.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Winifred F. Marr, *in pro. per.*, for Appellant.

Evans, Abbott & Pearce and W. E. Evans for Respondents.

JAMES, J.—Appeal from a judgment denying to the plaintiff a writ of mandate. Plaintiff brought this action for the purpose of compelling the city of Glendale and its officers to furnish her water for domestic and other uses. Her complaint contained three causes of action, the first and third of which only were relied upon at the trial. Under the first alleged cause of action the right claimed was that of a property owner who, having been regularly served with water by the vendor thereof, is arbitrarily cut off from the supply. The right claimed under the third alleged cause of action was different and depended mainly upon the question as to whether an inhabitant of a city, which city is engaged in furnishing water for the use of such inhabitants, can in every case compel the municipality to connect the property of such inhabitant with its supply pipes. In the first alleged cause of action plaintiff set forth that a number of years prior to the date of the commencement of the action her property had been connected to a four-inch water main owned by the Glendale Consolidated Water Company, which main was

in turn supplied from a certain stream flowing in Verdugo
Canyon; that this pipe was disconnected from the stream sev-
eral years prior to the commencement of the action and that
subsequent to its being so disconnected the city of Glendale
acquired all the water rights and the distributing system of
said Consolidated Water Company, and that subsequent
thereto plaintiff's property had been without water, except
such as was brought upon it by use of a pail. In the third
cause of action facts were set forth showing that the city of
Glendale had engaged in the business of supplying water to
its inhabitants and had acquired a water system for that pur-
pose. The answer denied that plaintiff's property was not
provided with a water service, although it was admitted that
this service was not being given by the city of Glendale.
The preliminary facts, as stated by the complaint, were ad-
mitted and an affirmative defense was made which was avail-
able in answer to both the first and third causes of action.
In this defense it was alleged as follows: "The defendants
allege that the property mentioned in plaintiff's petition is
located in the Verdugo Canyon, more than one mile north and
east of any of the distributing lines used in connection with
the water system of the city of Glendale; that said property
is located at an elevation of more than two hundred feet above
any reservoir owned by said city from which water could be
furnished to her from its present distribution system. That
in order to furnish the plaintiff with water for domestic use
the city of Glendale would be compelled to construct a reser-
voir somewhere in the vicinity of plaintiff's property at such
an elevation as is necessary to furnish proper pressure, and
would then have to lay and conduct pipes from such reser-
voir to plaintiff's said property, all of which would amount
to a large expenditure on the part of the defendant City of
Glendale, such as would not be justified from any income
that could be derived from such construction; that at this
time and for many years prior thereto the Forest Grove Land
and Water Company and its predecessors in interest, who are
the original owners and subdividers of the tract of land on
which plaintiff is located, owns, operates, and conducts a dis-
tributing system in said tract and that plaintiff's said prop-
erty is bounded on the east and south by the distributing line
laid in the street abutting plaintiff's said property, from
which line the plaintiff could receive adequate water service;

that said Forest Grove Land and Water Company's system
was constructed for the express purpose of furnishing this
plaintiff and other residents of this vicinity with water for
domestic uses, and defendants are informed, and upon said
information and belief allege, that the reason why plaintiff
is not now receiving water from said Forest Grove Land
and Water Company is that she has been disconnected by said
company by reason of nonpayment of her water bills.  De-
fendants allege furthermore that they could not furnish the
plaintiff water service on her said property without parallel-
ing the lines of said private water company, and in event this
defendant should be required to so parallel the lines of said
water company, it would be necessary for this defendant, City
of Glendale, to charge much more for such service than she
would be required to pay to said private water company for
similar service; that the defendant City of Glendale has never
furnished any water to any residents of the city of Glendale
located in said Verdugo Canyon for the reasons hereinabove
set forth.'' The court found the facts in accordance with
this special defense, which showed that appellant's property
had available to it adequate water supply and service pipes,
and showed, contrary to plaintiff's allegations, that when the
four-inch pipe had been disconnected from the stream, it was
supplied with water from another source and that that supply
had subsequent thereto been continuous and adequate and
that the pipes carrying the same immediately abutted plain-
tiff's property; it showed that for the city to be compelled
to extend its system to the property of appellant would cause
the municipality great expense.  It further showed that
plaintiff could receive all the water she needed by merely
complying with the rules and  regulations of the company
owning the supply pipe abutting her property, which rules
and regulations we must assume were reasonable.

Plaintiff makes no contention that she had any right to
the use of the waters of the particular stream from  which
the four-inch pipe passing her property originally received
its supply; in other words, she had no right in any part of
the water at any time.  With that admission, and with the
facts as pleaded in the answer and found by the court before
us, we can see little reason to give any extended consideration
to the claim made under the first alleged cause of action.
[1]  Appellant having no interest in the water, would have

no right at all to complain because the company furnishing her might have sold all or any part of the water from which it supplied her at any particular time, so long as it kept in its pipes other water of fair quality and reasonable in quantity and pressure. And this is exactly what the company did, under the facts as they were alleged and determined to be.

[2] Without any right of use in the water itself, even though the company had abandoned its business of supplying property owners with water and thus left its supply pipes empty, plaintiff could not have complained. "We do not mean to say that a corporation engaged in the distribution of water to public uses may not abandon its property and quit the business, without being subject to mandatory proceedings to compel it to continue to carry it on. It may find it impossible to go on. Its supply may become exhausted or be insufficient for paramount needs; the rates fixed by law may be too small to enable it to operate at a profit or without substantial loss; or it may conclude, without reason which the law would consider sufficient, that it will not continue. In case of a natural person it might become physically impossible. We do not intend to declare that in any such case mandatory process would be issued to compel the personal performance of the duty." (*Fellows* v. *City of Los Angeles,* 151 Cal. 52, [90 Pac. 137].) This case does not reach that far in its facts; plaintiff has never been deprived of the right to take water from the pipes abutting her property and her supply from that source would be adequate and sufficient.

[3] Under the third alleged cause of action, we think, also, the facts as found by the court are such as to conclusively bar the plaintiff from any right to the relief herein sought. From the fact that the municipality may engage in the business of supplying its inhabitants with water, it does not follow that every property owner or taxpayer, however remote his land may be situated from the distributing system, can by mandate compel such extension of the system as will make available to him that supply. It would be most unreasonable to hold that a municipality must establish an expensive system of distributing lines to reach isolated inhabitants or to supply one or two persons living in places remote from well-settled districts; and more particularly is this true where the person asking for such service already has at his door water in sufficient quantity and of reasonably good

quality. In our opinion, the appellant failed to show facts which would justify the court in extending to her the relief demanded in her complaint.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 19, 1919.

All the Justices concurred, except Lennon, J., who was absent.