## BOARD OF EDUCATION OF SALT LAKE CITY v. BURGON et al.

No. 4032.   Decided September 1, 1923.   (217 Pac. 1112.)

SCHOOLS AND SCHOOL DISTRICTS—BOARD OF EDUCATION'S POWER IN ESTIMATING LOCAL TAX LEVY IN FIRST AND SECOND CLASS CITIES HELD SUCH AS TO MAKE IT THE MINISTERIAL DUTY OF COUNTY OFFICERS TO LEVY AMOUNT CERTIFIED. Const. art. 10,

§ 6, and Comp. Laws 1917, § 4660, providing for control by the board of education of the public school system in first and second class cities separate and apart from the counties in which they are located, and section 4704, as amended by Laws 1923, c. 43, peremptorily requiring the county taxing officers to levy such per cent. of the assessed valuation of the city as shall raise the amount required and certified by the board, invests the board with such paramount power as to estimating revenue which may be expected from sources other than local taxation and determining the levy necessary that it becomes the ministerial duty of the county officers to levy the amount certified if within the maximum limit provided by section 4704, and they have no power to revise the estimate made and suggest additional sources of prospective revenue, though amounts derived from other sources cannot be accurately ascertained, and the required amount will thereby be supplied.

Original proceeding by the Board of Education of Salt Lake City against E. L. Burgon and others, County Commissioners of Salt Lake County, and others, for a writ of mandate.

WRIT ORDERED TO ISSUE.

*Cheney, Jensen, Holman & Stephens,* of Salt Lake City, for plaintiff.

*A. E. Moreton,* Co. Atty., and *Geo. G. Armstrong,* Asst. Co. Atty., both of Salt Lake City, for defendants.

CHERRY, J.

This is an original proceeding by the plaintiff for a writ of mandate requiring the defendants to levy taxes upon the assessed property of the city, sufficient to raise the amount of money as certified and required by the plaintiff, for school purposes for the ensuing year. The plaintiff is the board of education of Salt Lake City, a city of the first class. The defendants are the officers charged with the assessment and collection of taxes in Salt Lake county, in which Salt Lake City is situated.

In April 11, 1923, the plaintiff duly certified to defendants its statement and estimate of the amounts required for school purposes for the school year, commencing July 1, 1923, as follows:

For the support and maintenance of said schools and
    for the purchase of school sites and the erection of
    school buildings .............................. $2,016,000 00
For the payment of interest on bonds................   170,000 00
For sinking fund necessary to be collected...........    72,000 00

                                                $2,258,000 00

At a subsequent date the plaintiff notified defendants that the estimated amounts of money plaintiff would receive for the ensuing year from the state district school fund and the state land grant fund was $750,000, and from the state high school fund was $28,000. Deducting the estimated amount of state aid from the estimated requirements for the support and maintenance and for the purchase of school sites and the erection of school buildings, the sums required by the plaintiff to be raised by local taxation, and the rate of levy required according to the assessed valuation of the property in the city ($183,088,502) to raise the respective amounts would be as follows: For the support and maintenance of said schools and for the purchase of school sites and the erection of school buildings, $1,238,000, requiring a levy of 6.77 mills on the dollar; for the payment of interest on bonds, $170,000, requiring a levy of .93 mills on the dollar; for sinking fund, $72,000 requiring a levy of .4 mills on the dollar; or a total of $1,480,000, requiring a levy of 8.1 mills on the dollar of assessed valuation. The defendants, on the other hand, estimated the amounts to be received from sources other than local taxation as follows: From the state district school fund and the state land grant fund, $832,550; from the State High School fund, $27,157; and from Tax Sale Redemptions, $110,-488.00. They accordingly determined that it was necessary to raise but $1,287,805 by local taxation, and made a levy of 7.1 mills on the dollar, which is sufficient to raise that amount, but insufficient to raise the amount contended for by plaintiffs.

It is asserted by the plaintiff that the levy proposed and made by defendants together with the revenues from other sources, will be insufficient to enable it to maintain its schools for the customary nine months, and that by reason thereof the plaintiff will not be entitled to share in the state high school fund.   The prospective revenues from state funds depend in amount upon facts not now ascertainable, and can only be estimated at this time.   It is stipulated that the respective estimates made by the parties hereto, although of substantial difference, were both made in good faith.   The question presented is one of legal power.   It is contended that the plaintiff is invested with the independent and exclusive control and government of the public school system; that an essential element of that power is to determine the amount of the revenues to be raised for the support and maintenance of the public schools; that the only limitation on its power to raise money by taxation is the maximum limit of 9 mills on the dollar, as prescribed by Comp. Laws Utah 1917, § 4704, as amended by chapter 43, Laws Utah 1923.

The defendants, while not directly denying the paramount authority of the plaintiff to determine the amount of its revenues, endeavor to substitute their own judgment in approximating the amount of and sources from which it is to be derived, and thus by indirection control the amount to be provided.

By article 10, § 6, Constitution of Utah, it is provided:

"In cities of the first and second class, the public school system shall be controlled by the Board of Education of such cities, separate and apart from counties in which said cities are located."

To the same effect is Comp. Laws Utah 1917, § 4660.

This provision establishes the supremacy of the board of education over the county in the government and control of the public school system, and excludes the latter therefrom. And the independence of the board consists in nothing more vital and necessary than the right to determine its revenues, without interference or restriction by the county.

Comp. Laws Utah 1917, § 4704, as amended by chapter 43, Laws of Utah 1923, is as follows:

"The board of education shall, on or before the 1st day of May

of each year, prepare a statement and estimate of the amount necessary for the support and maintenance of the schools under its charge, and for the purchase of school sites and the erection of school buildings, for the school year commencing on the 1st day of July next thereafter; also the amount necessary to pay the interest accruing during such year, and not included in any prior estimate, on bonds issued by said board; also the amount of sinking fund necessary to be collected during such year for the payment and redemption of said bonds; and shall forthwith cause the same to be certified by the president and clerk of said board to the officers charged with the assessment and collection of taxes for general county purposes in the county in which the city is situated, and such officers after having extended the valuation of property on the assessment rolls, shall levy such per cent. as shall, as nearly as may be, raise the amount required by the board, which levy shall be uniform on all property within the said city as returned on the assessment roll; and the said county officers are hereby authorized and required to place the same on the tax roll. . Provided that the tax for the support and maintenance of schools and the purchase of school sites and the erection of school buildings shall not exceed 12 mills on the dollar upon all taxable property of said city whose assessed valuation of taxable property is less than $3,000 for each child of school age resident in the district; shall not exceed 11.5 mills on the dollar in cities whose assessed valuation of taxable property is from $3,000 to $4,000 for each child of school age resident in the district; shall not exceed 10 mills on the dollar in cities whose assessed valuation of taxable property is from $4,000 to $5,000 for each child of school age resident in the district; and shall not exceed 9 mills on the dollar in cities whose assessed valuation of taxable property is more than $5,000 for each child of school age resident in the district. Said taxes shall be collected by the county treasurer as other taxes are collected, but without additional compensation for assessing and collecting, and he shall pay the same to the treasurer of said board, promptly as collected, who shall hold the same subject to the order of the board of education."

This section of the statute, in itself, is free from ambiguity, and, in pursuance of the constitutional provision for separate control of public schools before mentioned, requires the county taxing officers in peremptory terms to levy such per cent. of the assessed valuation of the city as shall raise the amount of money required and certified by the board of education.

Were the entire revenues of the board of education to be raised by local taxation, under the plain provisions of the statute, the defendants, upon receipt of the statement and

estimate of the board, would be required to levy the tax necessary to raise the amount, as a mere ministerial duty. But a considerable part of the school revenues are derived from other sources than local taxation, the amounts of which cannot be accurately ascertained, when the local taxes are required to be levied. To determine the amount and the per cent necessary to levy as local taxes of necessity requires an estimate to be made of the amount of the other prospective revenues. Both parties to this action assert the right to make the estimation, and, as heretofore shown, their respective estimates differ in a very substantial amount, although both are admittedly made in good faith. The amount of the estimate has a direct relationship to the amount of local taxes to be levied, and thus affects the total revenues of the board of education. The omission of the statute to make provision for this factor in the proceedings leads to the controversy before us.

The power asserted by the defendants to revise the estimates of the plaintiff and to suggest additional sources of prospective revenue is in effect the power to determine what amount shall be raised by local taxation, and thus to control to that extent the amount of total revenues to be supplied. No law conferring such supervisory power, or from which it may be implied, has been called to our attention. The existence of such a power is repugnant to the principle of separate and independent control of the public schools in cities by the boards of education, as expressed in the Constitution and statutes before referred to. It is no answer to say that defendants have not reduced the estimate of requirements for the ensuing year, and that in the estimation of defendants the required amount will be supplied. That would be yielding substance to form and permitting to be done indirectly what cannot be done directly. The board of education is invested with the exclusive control of and responsibility for the public school system, independent of the county government, and, if the amount required by the board of education to be raised by local taxation is within the maximum limit provided by law, it is the duty of the county taxing officers to levy such

per-cent. on the assessed property of the city as will raise the amount.

The defendants' demurrer is overruled, and a peremptory writ of mandate as prayed for is ordered to be issued.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.