## BOARD OF EDUCATION OF WASATCH COUNTY SCHOOL DIST. v. COLEMAN et al.

No. 6534.   Decided October 28, 1942.   (130 P. 2d 277.)

See 24 R. C. L., 588; 38 Corp. Jur., Mandamus, sec. 415.

*C. W .Wilkins* and *G. A. Marr,* both of Salt Lake City, for plaintiff.

*L. C. Montgomery,* of Heber, for defendant.

PER CURIAM.

Heretofore a petition praying for an alternative writ of mandamus was filed by the Board of Education of Wasatch County School District, asking that the Board of County Commissioners of Wasatch County and others, naming them be required and directed as officers of Wasatch County to levy and collect against the property of Wasatch County School District in the amount permitted by law, that is to say, a 10 mill levy for support and maintenance of schools and a 2.46 mill levy for debt service for the school year beginning July 1, 1942.

It is alleged and admitted that Wasatch County School District has an assessed valuation for the year 1942 of $5,226,824, and, as provided by law, the District is permitted a tax levy for support and maintenance of schools in the district not exceeding 10 mills on each dollar of valuation.

It is further alleged that the School Board adopted its statement and estimate of the amount of money necessary for support and maintenance of schools, and for debt service, including interest on outstanding bonds, and the

amount necessary for the payment of principal of bonds, and presented statement and estimate in detail to the County officers charged with the duty of levying and collecting taxes, and, further, that a levy of 2.46 mills is necessary to meet the interest on bonds outstanding and the principal payments on outstanding bonds for the year, and that 10 mills is the necessary levy on the assessed valuation to approach the amount of money required for the support and maintenance of schools for the ensuing year.

The County Commissioners of Wasatch County levied the full amount of 10 mills for support and maintenance of schools, but instead of a levy of 2.46 mills estimated necessary for debt service, bond payments, etc., limited the levy for such purposes to 1.5 mills.

The matter was argued and submitted on the sole issue as to the function of the Board of County Commissioners in fixing the rate of levy for debt service.

The matter seems to be set at rest by the provisions of §§ 75-12-10 and 75-12-11, R. S. U. 1933, as amended by Chaps. 80 and 81, Laws of Utah, 1937. Section 75-12-10 provides in part as follows:

"After the valuation of property has been extended on the assessment rolls the county commissioners shall levy on the taxable property in the respective school districts such a percentage as will, as nearly as may be, raise the amount required by each board of education."

These sections were in substantially their present form in Comp. Laws Utah 1917 and were construed in the case of *Board of Education of Salt Lake City* v. *Burgon et al.*, 62 Utah 162, 217 P. 1112. We think that case is authority for the issuance of the writ.

The defendants' demurrer is overruled and a peremptory writ of mandamus is ordered.