CITY OF GREENWOOD *et al. v.* PROVINE.*

(Division B. May 10, 1926.)

[108 So. 284.  No. 25533.]

1. MUNICIPAL CORPORATIONS. *Decision of municipal authorities as to extension of municipal water system to new territory is final, in absence of abuse of discretion.*

Question of extension of municipal water system from part of city where mains are laid to another part comprising new territory taken into corporate limits is within discretion of municipal authorities, whose decision is final, unless there is an abuse of discretion in exercise of their judgment thereon.

2. MUNICIPAL CORPORATIONS. *Resident of municipality may not compel extension of water mains regardless of cost.*

Resident of municipality, living in remote corner, may not compel city authorities to extend water mains to his premises regardless of cost; extension depending on reasonableness thereof, considering demand for it, number of subscribers, and revenue to be obtained from furnishing water.

3. MUNICIPAL CORPORATIONS. *Discretion of city authorities in extension of water system is limited to refusal to extend, where to do so would be unreasonable (Hemingway's Code, sections 6007-6012).*

Under Hemingway's Code, sections 6007-6012, discretion to be exercised by city authorities in extension of city water system is limited to refusal to extend, where to do so would be unreasonable.

4. MANDAMUS. *Mandamus will not lie to compel extension of municipal water system for connection to new addition over distance of 700 feet, the matter being discretionary with city authorities; mandamus can be used only to compel performance of mandatory duty of office.*

Mandamus will not lie to compel city authorities to extend water mains to make water connection for resident of new addition

over distance of 700 feet, since it is discretionary for city authorities whether extension shall be made, and mandamus · can be used only to compel officer to perform mandatory duty of office, and not to compel action in particular way, if matter to be acted on is discretionary.

---

\*Corpus Juris-Cyc References:   Mandamus 38CJ, p. 590, n. 37; p. 594, n. 55; p. 757, n. 42;   Municipal Corporations 28Cyc, p. 951, n. 47 New;  Duty of water company or municipality supplying water to extend the service to all applicants willing to comply with its regulations, see note in 47 L.R.A.(N.S.), 654; 27 R.C.L. pp. 1409-1411.

Appeal from circuit court of Leflore county.
Hon. S. F. Davis, Judge.

Mandamus by B. B. Provine against the city of Greenwood and others to compel respondents to furnish water to petitioner from the waterworks system of the municipality.   Judgment granting the mandamus, and respondents appeal.   Reversed, and ·case dismissed.

*M. F. Pierce,* for appellants.

I.   The burden of proof was on the plaintiff to show by competent proof that he had a clear right to the relief prayed for and he should have established his allegations by a preponderance of the evidence.   26 Cyc. 476.

The writ of mandamus is an extraordinary writ and is never granted except in rare and extreme cases and then only when the proof is clear.   The plaintiff below failed to establish the fact that he had ever complied with the rules and regulations of the city and said Light & Water Plant in making application for water.   Then, again, this motion should have been sustained for the reason that mandamus proceedings will not lie on the demand of a private individual or citizen to force municipalities to extend their mains.   See 27 R. C. L., p. 1409.   We submit that the appellants should never have been required to offer any testimony as the plaintiff had

not shown a right to any relief by his testimony and the motion to exclude should have been sustained.

II.   The extension of the water mains as prayed for was not a reasonable extension. *Lukrawka* v. *Spring Valley Water Co.,* 169 Cal. 318, 146 Pac. 640, Ann. Cas. 1916-D 266, 27 R. C. L. pp. 1410-1411; *Lawrence* v. *Richards,* 111 Me. 95, 88 Atl. 92, 47 L. R. A. (N. S.) 654; notes 125 A. S. R. 519, 47 L. R. A. (N. S.) 655.

These decisions hold that the demand must be a reasonable extension, depending on the cost and the revenue expended.   The testimony of Dr. T. R. Henderson and that of Roy Scott, manager of the Greenwood Light & Water Plant is to the effect that this extension would not be a paying investment.   This case is different from the cases where a public service corporation furnishes the water to inhabitants of a municipality under a franchise granted by such municipality.   There is no franchise in this instance, but a case where the city owns and operates its own plant and we contend that this was not a reasonable extension.

III.   The authorities hold that an extension will not be made on the demand of a private citizen. *Lawrence* v. *Richards,* 111 Me. 95, 88 Atl. 92, 47 L. R. A. (N. S.) 654 and note, quoted from 27 R. C. L. 1409; *Lukrawka* v. *Spring Valley Water Co.,* 169 Cal. 318, 146 Pac. 640, Ann Cas. 1916-D 277, 27 R. C. L., pp. 1410-1411.

IV.   A municipality which engages in furnishing water to its inhabitants has a governmental discretion as to the limits to which it is advisable to extend its mains. Mandamus will not lie to review the discretion of the managing and administrative officers in determining to what extent the system shall be extended and who shall be supplied.   18 R. C. L. 244; also 47 L. R. A. (N. S.) pp. 660-661; notes 125 A. S. R. 519; 47 L. R. A. (N. S.) 655.

*R. C. McBee* and *W. M. Hammer,* for appellee.

*Does the record show plaintiff entitled to a writ of mandamus?*

Mindful of their duty, the city authorities within a short period of time extended the waterworks so as to supply the inhabitants of North Greenwood and the Wilson and Harris Additions. They did not furnish water to the plaintiff who is an inhabitant of the Boulevard Addition.

If the water had already been supplied to him and a threat was being made to cut him off, he might enjoin. *Caston* v. *Hutson,* 104 So. 698. He might recover damages if he was damaged, but damages is not what he wants. The thing he wants is water.

A home is not habitable where water cannot be had for half the time. The plaintiff, an inhabitant of the city, has the right to force the city to supply him with water, and the proper method is by a petition for a writ of mandamus. The city, of course, had the right to determine in the first place whether or not it would operate a waterworks system. Having determined to do so, it could not discriminate between its inhabitants. The discretion that its officers had was whether they would operate at all. They have no discretion to serve water to one inhabitant and refuse it to another. 40 Cyc. 792, 38 Cyc. 757. Mandamus was held to be the proper remedy on the petition of the district attorney in *State* v. *Benson,* 108 Miss. 779. See also section 2533, Hemingway's Code.

The attorney-general and the district attorney sue in matters "affecting the public interest." But any private person who is interested is given exactly the same right. This is the method of procedure in *Bothwell* v. *Consumers Co.,* 82 Pac. 533, 24 L. R. A. (N. S.) 485, See also *Hatch* v. *Consumers' Co.,* 104 Pac. 670, 40 L. R. A. (N. S.) 263.

There is no remedy by which an inhabitant of a city may require the city to furnish him with water so far as courts of law are concerned. There is no question raised by this record but that the defendants are the city and its officers. The question is, what is their duty? Is it their duty to furnish water to the inhabitants of the city? *Burke* v. *Water Valley,* 87 Miss. 732, 40 So. 820; *Jennings* v. *Water Co.,* 100 Miss. 507. When once the city has exercised its discretion to operate a water plant, it cannot deny to an inhabitant of the city the use of water.

In some states the power is discretionary, as in *Lawrence* v. *Richards,* 88 Atl. 92, 47 L. R. A. (N. S.) 654, but there is no decision in Mississippi that intimates that such a discretion prevails. The contrary rule prevails. *Birmingham Water Works* v. *City of Birmingham,* 58 So. 204; *Yazoo City* v. *Birchett,* 89 Miss. 700, 42 So. 569. See also 27 R. C. L. 1410. No discretionary powers to supply water to inhabitants exists in a municipality. Section 5797, Hemingway's Code.

When the extension was made by the municipality, it did more than impose upon the inhabitants of the Boulevard Addition the duty to pay taxes. It extended to them the benefits of municipal life, including sewerage, lights, water, police protection and sanitary measures. As the situation now stands, the only thing that the city proposes to do is to collect taxes. They do not propose to give anything for such taxes. Such arbitrary and unconscionable conduct is not permitted under our present civilization.

*Alfred Stoner,* also, for appellee.

When a city engages in a private business, it is subject to the same proceedings in court as a private concern. In this respect the business conducted by the municipal authorities places them in an administrative rather than a judicial capacity. The business being conducted in an administrative capacity, any other proce-

dure that might have been provided, even if provided, could not be regarded as an exclusive remedy, and in such cases mandamus lies, as was unequivocally held in *Clark* v. *Board of Trustees,* 117 Miss. 234, 78 So. 145. See also *City of Montgomery* v. *Green* (Ala.), 60 So. 900, 30 Am. & E. Ency. of Law 404; *Wagner* v. *City of Rock Island* (Ill.), 139 N. E. 545, 21 L. R. A. 519; *Bailey* v. *New York,* 38 Am. Dec. 669; *Western Savings Fund* v. *Philadelphia,* 72 Am. Dec. 730; *Brown* v. *Salt Lake City,* 14 L. R. A. (N. S.) 619; *Lynch* v. *Springfield,* 174 Mass. 430, 54 N. E. 871; *Galveston* v. *Posnainsky,* 62 Tex. 127, 50 Am. Rep. 517; *Lloyd* v. *New York,* 55 Am. Dec. 347; *Illinois Glass Co.* v. *Chicago Telephone Co.,* 18 L. R. A. (N. S.) 124.

We know of no other remedy that appellee has—certainly no other remedy was plead or proved in the lower court, and no other remedy has been pointed out in this court.

*R. C. McBee,* for appellee, in response to the following question from the court:

*Is mandamus a proper remedy under the facts and circumstances of this case, since there appears to have been no effort to present the matter to the board by petition and appeal from its decision in the regular way provided by law?*

I.  *Did the city of Greenwood have a discretion to supply an inhabitant water from its waterworks system?* The city originally had a discretion as to whether or not they would operate a waterworks system. Section 5836, Hemingway's Code. The city having determined to operate its waterworks system, it became its duty to furnish water to all persons demanding the same in good faith. *Burke* v. *Water Valley,* 87 Miss. 732; *Jennings* v. *Meridian Water Works Co.,* 100 Miss. 507; *Brown* v. *City of Meridian,* 102 Miss. 384.

The duty of a municipality was declared by this court in *Van Norman* v. *Water Works Co.,* 102 Miss. 736, wherein it said: "It is the duty of cities operating waterworks to afford to the people all reasonable facilities for availing themselves of those utilities which contribute so much to the health, comfort and convenience of all dwellers in cities."

The question, however, that is presented to this court is whether or not Provine who lives seven hundred feet from a water main in the city of Greenwood is to be furnished water. There is no question that if water can be afforded him by means of a service pipe, his suit is well founded. We submit that if instead of living seven hundred feet from the water main, he lived within seven feet of it, there would be no question about his rights. We say that the distance he lives from the water main does not determine the question of whether or not he is entitled to the service. If he lives within the city limits, he is entitled to it, that is to say, if he lives within the municipal boundary is decisive of the question.

The distance of his residence from a water main or from the source of supply determines nothing. The size of the pipe through which the service is afforded determines nothing. The method, and the sole method provided by law of determining whether he is entitled to the service, is whether or not he is a resident of the city which operates a waterworks system.

If a private citizen owned and operated the waterworks plant in the city of Greenwood, or if it was operated by a corporation, no such question as has been propounded here could arise. It is the universal holding of the courts that under such circumstances mandamus is the proper remedy. Spelling, Inj. & Extra. Rem., section 1592; *People* v. *Manhattan Gaslight Co.,* 45 Barb. 136; *Haugen* v. *Albina Light & Water Co.,* 21 Ore. 411, 14 L. R. A. 424, 28 Pac. 244; *Mobile & Ohio R. R. Co.* v. *Wisdom,* 5 Heisk., 125.

Mandamus is the appropriate action to compel the supplying of water. *Haugen* v. *Albina Light & Water, supra; McCreary* v. *Beaudry,* 67 Cal. 120, 7 Pac. 264; *Indiana Natural & Illuminating Gas. Co.* v. *Anthony,* 26 Ind. App. 307, 58 N. E. 868; *Portland Natural Gas & Oil Co.* v. *State,* 135 Ind. 54, 21 L. R. A. 639, 34 N. E. 818; *Ind. Nat. Gas & Illuminating Co.* v. *State,* 158 Ind. 516, 57 L. R. A. 761, 63 N. E. 220; *Johnson* v. *Atlantic City Gas & Water Co.,* 65 N. J. Eq. 129, 56 Atl. 550; *American Water Works Co.* v. *State,* 46 Neb. 194, 30 L. R. A. 447, 50 A. S. R. 610, 64 N. W. 711.

Exactly the same rule, no more and no less, obtains when a municipality owns the waterworks system. *Yazoo City* v. *Birchett,* 89 Miss. 700; *City of Pass Christian* v. *Fernandez,* 100 Miss. 76.

There was a time, of course, when the question of the extension of the water mains and of all other features of municipal life was a judicial question to be passed upon by the city authorities when they had the right to exercise a judicial discretion. That question was before them when they determined to extend the city limits so as to include the plaintiff's property. *Forbes* v. *Meridian,* 86 Miss. 244.

When the municipal authorities decide to make an extension, which, of course, is wholly within their discretion, does it not follow that they then decide to extend to those within the extension lighted streets, fire protection and all other advantages of city life, including the use of the waterworks system? *Town of Crystal Springs* v. *Moreton,* 131 Miss. 77.

Argued orally by *M. F. Pierce,* for appellants, and *R. C. McBee* and *Alfred Stoner,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

This is a mandamus suit against the mayor and commissioners of the city of Greenwood to compel them to

143 Miss.—4.

furnish water from the waterworks system of the municipality, for the use of appellee, B. B. Provine, at his residence on Grand Boulevard, and to extend the water mains of the city into Boulevard Addition, so that a water connection may be made from the waterworks system to his residence.

The petition for the writ of mandamus alleges that appellee, Provine, is a resident citizen of said city and resides on his lot, No. 1 in block 33 in what is known as the "Boulevard Addition" to said city; that the city owns its municipal water plant and is engaged in furnishing water to the inhabitants thereof by means of water mains lying along the streets, and that it is the duty of the city to furnish water to its resident citizens by means of water connections from its main pipes into the residences located along the streets upon which the city has its water mains located; that the city has a water main about seven hundred feet from appellee's residence, from which appellee desires a water connection to his residence, and for which he is ready, willing, and able to pay such charges as are required of him for the water; that the city has failed and refused to extend said water main to "Boulevard Addition," and along Grand Boulevard to his property, so that he could connect with it and have the use of the water at his residence; and mandamus is asked to compel the city to extend its waterworks system to "Boulevard Addition," and furnish water for the use of appellee at his residence.

"Boulevard Addition" was a subdivision lying outside of the corporate limits of Greenwood at the time the water mains of the city were laid, and this addition was not brought within the municipality until an extension of the municipal limits some years after the subdivision was platted and sold to the present resident owners thereof. The water main of the city is about seven hundred feet distant from the residence of appellee, and if the city is compelled to furnish water to appellee it will be necessary to extend its waterworks sys-

tem from the old territory to this new territory of "Boulevard Addition," which is about two blocks away.   The cost of the extension of the water main into the new territory would be considerable to the municipality, and the total number of citizens to be served in the new territory does not appear in the record in this case, nor does it appear whether or not such extension of the water main from the old territory into the new territory would be reasonable and justified by the conditions and circumstances of the situation.   Although the appellant city offered testimony to show that such extension would be unreasonable, the court refused to permit testimony on this question.

The original owners of the "Boulevard Addition" sold lots therein to their present owners, and dedicated the street known as "Grand Boulevard" as shown by the maps and plats of the said subdivision; but the original owners reserved unto themselves "a continuous strip of land twenty-four feet in width along the center of Grand Boulevard and Park Avenue . . . for shade trees . . . water, sewer and gas mains and pipes, . . . and the exclusive right to construct, maintain and operate water, sewerage . . . systems in . . . the boulevard."

.It appears that no application or petition was presented on the part of the appellee, Provine, or the other property holders on the said Grand Boulevard, to the city authorities requesting or demanding that the municipality extend its waterworks system from the present location into the new territory of the said subdivision; but the mandamus to compel the extension of the water system was asked for upon the theory that it was the duty of the city to extend its water mains to the premises of any citizen within the limits of the municipality.

The first question presented by the city upon which reversal and dismissal is asked on this appeal is that the writ of mandamus will not lie in the case, because, first, the appellee had an adequate remedy by application to

the city authorities to extend the water mains into the new territory, and the right of appeal from an adverse decision by the city authorities; and, second, because the extension of the waterworks system of the municipality is a matter within the discretion of the city authorities, and unless the discretion is abused, or the refusal to do so is unreasonable, the action of the city authorities in refusing to extend the system is final.

The city also contends that the judgment of the lower court granting the mandamus to compel the extension of the waterworks system to "Grand Boulevard" was error, as it could not be done, because when the street was dedicated by the original owners the exclusive right was reserved in them to lay water mains and furnish water to the property owners on said street, and therefore the municipality of Greenwood has no right to lay water mains upon the said Grand Boulevard.

The appellant city also complains of the action of the lower court because of its refusal to hear testimony on the question of whether the proposed extension of the water mains from the old territory into the new territory was a reasonable demand, considering the cost of the extension and the revenue to be received from the use of the water, etc.

We shall dispose of the appeal by a decision of the question as to whether mandamus will lie in the case. Upon this particular point the record discloses that the appellee, Provine, seeks to compel the city authorities by mandamus, to extend its waterworks system into a new territory some two blocks away from the nearest water main laid in the old territory of the municipality before the Boulevard Addition became a part of the municipality by the extension of the corporate limits thereof. It is not a case where a resident citizen of the municipality is attempting to compel the city authorities to make a water connection from its water main already laid in the street to his residence, so as to furnish water for the use of his residence, but an extension of the

water system is sought upon the ground set forth in the response brief of counsel for the appellee in the following language:

"We say that the distance he lives from the water main does not determine the question of whether or not he is entitled to the service. If he lives within the city limits, he is entitled to it, that is to say, if he lives within the municipal boundary, is decisive of the question. The distance of his residence from the water main or from the source of supply determines nothing. The size of the pipe through which the service is afforded determines nothing. The method, and the sole method provided by law of determining whether he is entitled to the service is whether or not he is a resident of a city which operates a waterworks system."

It is our opinion that this position is untenable. We think the question of the extension of the water system from one part of the city where the water mains are laid to another part of the municipality which comprises new territory taken into the corporate limits is within the discretion of the municipal authorities, and unless an abuse in the exercise of their judgment in that regard is manifest, then their decision of the question is final. Certainly it is not the law that a resident of a municipality, living in a remote corner thereof, may compel the city authorities to extend its water mains to his premises regardless of the cost and expense to the city, merely because the citizen resides within the boundaries of the municipality. The extension of the water system from one part of the city where already laid to another part depends upon the reasonableness of such extension, considering the demand for it, the number of water subscribers, and the revenue to be obtained from furnishing the water.

It is our judgment that the discretion to be exercised by the city authorities in the extension of its water system may be said to be limited to a refusal to extend where to do so would be unreasonable under the condi-

tions and circumstances presented in the particular case; but, as we have said, unless the discretion is abused by the municipal authorities, their decision will be determinative. *Lawrence* v. *Richards,* 111 Me. 95, 88 A. 92, 47 L. R. A. (N. S.) 654, and note; *Lukrawka* v. *Spring Valley Water Co.,* 169 Cal. 318, 146 P. 640, Ann. Cas. 1916D, 277; 27 R. C. L. 1409, 1410, and 1411; sections 6007-6012, Hemingway's Code.

If this were a case where the appellee property holder on Boulevard avenue was seeking to compel the municipality, by mandamus, to connect from its water main already laid in said boulevard to the residence of the property holder to furnish him the use of water, we are inclined to the view that the remedy would lie, because the writ would then be for the purpose of compelling the city to perform a duty, a ministerial act or administrative duty, about which it would have no discretion, since the abutting property holder on the street would have the right to demand connection with the water main already laid therein. But this is not such a suit. The effort here is to compel the city authorities to extend their water system from one part of the city into another, which is discretionary and not ministerial. Therefore mandamus will not lie, because that remedy can be used only to compel an officer to perform a mandatory duty of his office, compel him to act; but the writ cannot be used to compel the officer to act in any particular way if the matter to be acted upon is discretionary, as we think it is in this case. 26 Cyc. 158; *Robinson* v. *Board,* 105 Miss. 90, 62 So. 3.

We shall decide no other question presented because it is unnecessary to do so in order to dispose of the appeal before us. Counsel seems to invite a decision of the question as to whether or not the municipality would have the legal right to lay its water mains in Boulevard Addition regardless of the exclusive right reserved in the original owners of that subdivision to furnish water to the property holders along the said boulevard. We

refrain from deciding the point because the exclusive right reserved in the street by the original owners may be termed a property right, and since these owners are not in court we hardly deem it advisable to render a decision which would take their property, if they have any, for public use ''without due process'' or ''without compensation therefor.''  It may be the law that the right reserved by these owners was nullified when the municipality took the subdivision in and accepted Grand Boulevard as a public street.  Or it may be that, if the appellee property owner is entitled to the extension of the waterworks system so that he may be supplied with water, then it would be the duty of the municipality to extend its water mains for that purpose, even though it became necessary to condemn the right in this said boulevard to lay its water mains thereon.  We decide none of these propositions at this time.

There is another question presented as to whether or not the appellee should have first applied to the city authorities for the extension of its water mains and a hearing on the merits as to the reasonableness of the request, and appealed from a decision, as provided in section 60, Hemingway's Code.  We omit passing upon this point for the reason given.

The appellee, Provine, urges that the judgment of the lower court should be upheld because the question of extending the water mains in this case was not discretionary with the municipal authorities, but that it was ministerial in that it was not an extension, but was merely a connection sought between the water mains of the municipality and the residence of appellee on Grand Boulevard.  The record does not support the contention, because the effort is to extend the municipal water mains into a new territory, which was and is being furnished water from other sources, and the main is seven hundred feet away from the residence of appellee, and, as we see it, it would not be a connection with a water main

already laid in Grand Boulevard to furnish water to a residence on that street.

In view of the conclusions reached above, the judgment of the lower court will be reversed, and the case dismissed.

*Reversed and the case dismissed.*