## ROSE v. PLYMOUTH TOWN et al.

No. 6924. Decided October 2, 1946. (173 P. 285.)

See 67 C. J., Waters, sec. 635; 34 Am. Jur., 858.

*E. J. Skeen* and *J. D. Skeen*, both of Salt Lake City, for appellant.

*Walter G. Mann,* of Brigham City, for respondents.

LARSON, Chief Justice.

Proceeding in mandamus brought against the defendants, the town of Plymouth and its officials hereinafter called the town, to compel the defendants to extend the water mains of the town to the plaintiff's residence located within the town limits, and supply him with water. The district court denied the writ, and the matter comes before us on appeal.

The town, located in Box Elder County, was incorporated for the purpose of obtaining a federal loan, via a public works authority project, to build a culinary water system. After incorporation the town approved two bond issues and thereby obtained the loan which financed the installation of a water system that supplied culinary water to every home within the limits of the town with the exception of the plaintiff's home. When the town refused to extend a service pipe to plaintiff's house he brought a writ of mandate in which he alleges that he and his family are in great need of culinary water; that he has demanded that the town extend their water main to his property, a distance of 1320 feet, for the purpose of supplying him with water from the town-owned system. He further alleges that he has paid taxes amounting to $194.85 since the incorporation of the town and that the defendants have arbitrarily refused to provide his home with town water.

The town answers alleging that the supply of water is limited and that there is not enough to supply the plaintiff; that the town has no money with which to pay for the extension of the line which will cost $1000; that a bond election would be necessary to provide the necessary funds and that the town officials do not control the voting power. It

is denied that the refusal to deliver water to the plaintiff was arbitrary.

We shall dispose of the appeal by a decision of the question as to whether mandamus will lie in this case. Mandamus will not lie to compel the performance of acts necessarily involving the exercise of judgment and discretion on the part of the officer, board or commission at whose hands performance is desired. The court may, under proper circumstances, require an inferior tribunal to exercise its discretion but will not prescribe how it shall do so. The court cannot substitute its own judgment for that of the tribunal to which the discretion was committed by law. The writ can be used only to compel an officer or town officials to perform a duty, a ministerial act or an administrative act, about which it would have no discretion. *Board of Education of Salt Lake City* v. *Burgon,* 62 Utah 162, 217 P. 1112; *Colorado Development Co.* v. *Creer,* 96 Utah 1, 80 P. 2d 914; *Board of Education of Ogden City* v. *Anderson, State Auditor,* 93 Utah 522, 74 P. 2d 681; *Robinson* v. *Itawamba County,* 105 Miss. 90, 62 So. 3; *Lawrence* v. *Richards,* 111 Me. 95, 88 A. 92, 47 L. R. A., N. S., 654; *Bangor* v. *County Commissioners,* 87 Me. 294, 32 A. 903. But the plaintiff contends that the town board has no discretion in the matter and that he has a clear, legal and vested right by virtue of the fact that his premises are within the town limits. He makes the contention that the town is bound to supply every inhabitant within its limits with water. If this contention is right, the consequence is that the town board, acting for the town, is legally bound to supply water to all inhabitants, no matter how ruinous and destructive the result might be. The unsoundness of this contention is easily demonstrable. The testimony of expert engineers is not necessary to satisfy a reasonable mind that to compel a town to supply water to all inhabitants regardless of cost might create a burden which could not be borne. It should be kept in mind that this is not a case where a resident of the municipality is attempting to compel the city authorities to make a connection from its water

main already laid in the street in front of his residence, nor is it an attempt to compel them to merely turn the valve and permit the water to flow into his house as in *Home Owners' Loan Corp.* v. *Logan City,* 97 Utah 235, 92 P. 2d 346. On the contrary, in this case the plaintiff is seeking to compel a town, whose total annual revenues are $144.47— and whose maximum current revenue allowed under the statutes of Utah, Sec. 15-12-14, U. C. A. 1943, is $182.76, to extend water mains costing $1000 to his residence upon the sole reason or principle that if an inhabitant lives within the town limits he is entitled to water and the distance or the size of pipe necessary for the service are immaterial. In the case of *Greenwood* v. *Provine,* 143 Miss. 42, 108 So. 284, 286, 45 A. L. R. 824, cited and relied upon by the district court, the Mississippi court dealt with facts and issues similar to those presented here. We quote from that opinion:

"An extension of the water system is sought upon the ground set forth in the response brief of counsel for the appellee in the following language: 'We say that the distance he lives from the water main does not determine the question of whether or not he is entitled to the service. If he lives within the city limits, he is entitled to it, and limitation, that is to say, if he lives within the municipal boundary, is decisive of the question. The distance of his residence from the water main or from the source of supply determines nothing.'"

The court held:

"It is our opinion that this position is untenable. We think the question of the extension of the water system from one part of the city where the water mains are laid to another part of the municipality which comprises new territory taken into the corporate limits is within the discretion of the municipal authorities, and unless an abuse in the exercise of their judgment in that regard is manifest, then their decision of the question is final. Certainly it is not the law that a resident of a municipality, living in a remote corner thereof, may compel the city authorities to extend its water mains to his premises * * * merely because the citizen resides within the boundaries of the municipality. The extension of the water system from one part of the city where already laid to another part depends upon the reasonableness of such extension, considering the demand for it, the number of water subscribers, and the revenue to be obtained from furnishing the water."

See also 18 R. C. L. 244, 27 R. C. L. 1409; *Lukrawka* v. *Spring Valley Water Co.*, 169 Cal. 318, 146 P. 640, Ann. Cas. 1916D, 277.

Unless the town authorities are shown to have failed to exercise judgment or discretion such that a refusal to extend the water system would be unreasonable their decision is final. See *Lawrence* v. *Richards*, 11 Me. 95, 88 A. 92, 47 L. R. A., N. S., 654, and note *Greenwood* v. *Provine*, supra. The record does not reveal such arbitrary action. Therefore, the judgment of the town officials is conclusive. If this were a case where the town authorities had refused to connect the plaintiff's residence to a main already laid or if the plaintiff had financed the cost of the extension and agreed to accept water at the prescribed rates in payment therefor, the remedy might lie, because the writ would then be for the purpose of compelling the town to perform a duty, a ministerial act about which it would have no discretion. But such is not this suit. The effort here is to compel the extension of the water system a considerable distance under circumstances which call for reason and judgment and the exercise of discretion and are not ministerial. Mandamus will not lie. Judgment affirmed. Costs to defendant.

McDONOUGH, PRATT, WADE, and WOLFE, JJ., concur.