31 N.J. Super. 459 (1954)
107 A.2d 20
REID DEVELOPMENT CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF PARSIPPANY-TROY HILLS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PARSIPPANY-TROY HILLS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 21, 1954.
Decided July 16, 1954.
*461 Before Judges EASTWOOD, FREUND and FRANCIS.
Mr. Samuel A. Larner argued the cause for the plaintiff-appellant (Messrs. Budd and Larner, attorneys).
Mr. David Young, 3d, argued the cause for the defendants-respondents (Mr. Harry L. Sears, on the brief).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
An action in lieu of mandamus brought by plaintiff to compel the defendant municipality to extend, at the municipality's expense, certain of its water mains, eventuated in a judgment adverse to plaintiff and it appeals therefrom.
The plaintiff is the owner of certain lots of land fronting on unimproved streets in the defendant township. It intends to develop and sell the lots for residential construction. Presently, there are no houses on the lots nor is there any specific assurance as to when such dwellings will be erected.
Pursuant to enabling legislation, the municipality operates a water supply system. As the result of a previous judicial proceeding between the parties, reported in 10 N.J. 229 (1952), the defendant was compelled to extend the water main some 600 feet in one of the streets abutting the plaintiff's development area. By the instant proceeding plaintiff sought to compel the main extension to other areas. In the area there are 43 other lots, whose owners are not parties to this action.
By a letter to the defendant in November, 1950, the plaintiff requested an extension of the mains 3,060 feet to certain designated areas. On December 16, 1950, plaintiff again forwarded a letter request for the desired extension. No further action was taken in the matter. Thereafter, on August 5, 1952, the defendant township enacted an ordinance *462 requiring that developers install water mains, and the like, at their own expense, where extensions are sought.
On August 8, 1952, the plaintiff again requested the main extensions in question and the township has sought to impose the conditions of the aforementioned ordinance. Plaintiff's action not only sought to compel the municipality to extend its water mains without complying with the provisions of the 1952 ordinance, but also to set aside the ordinance as invalid.
The plaintiff argues that the denial of water main extensions is unreasonable, discriminatory and an arbitrary abuse of power; that the ordinance in question was not applicable to plaintiff's request, since it predated the passage of the ordinance; that the prior judgment between the parties estops defendant from denying the extensions sought and that the ordinance is invalid in its attempt to exact the cost of main extensions from the applying developer.
The defendant municipality contends that the installation of main extensions is a governmental function and that mandamus will not lie to compel that act unless there is a plain abuse of discretion by the municipality in its refusal; that the ordinance in question is valid and applicable to plaintiff's case; that the municipality is under no duty to extend its water mains, where, as here, no immediate or prospective need is shown to warrant the expense and that the ruling of the Supreme Court in the prior case between the parties is not controlling under the circumstances of the instant action.
The defendant's water facility is a municipally owned public utility established under legislative authority of R.S. 40:62-47 et seq. There is authority for the position that the establishment of a water supply system and its operation for the protection of the public health and safety is a matter comprehended in the police power of a municipality and as such, is a governmental function.
In the prior case between the present parties, Mr. Justice Heher, speaking for the Court, stated at page 233: "* * * *463 The provision of water for the public and private uses of the municipality and its inhabitants is the exclusive province of the local agency; and it is elementary that the exercise of the power must be in all respects fair and reasonable and free from oppression."
On matters of enlargement of facilities or extension of the system the general rule is that such matters are addressed to the sound discretion of the governmental agency. As stated in 45 A.L.R., p. 829:
"As a general rule it may be said that a municipality which engages in furnishing water to its inhabitants has a governmental discretion as to the limits to which it is advisable to extend its mains. Browne v. [City of] Bentonville (1910), 94 Ark. 80, 126 S.W. 93; Marr v. [City of] Glendale (1919), 40 Cal App. 748, 181 P. 671, P.U.R. 1919E, 679; Linck v. [City of] Litchfield (1889), 31 Ill. App. 118; Lawrence v. Richards (1913), 111 Me. 95, 88 A. 92, 47 L.R.A., N.S., 654; [City of] Greenwood v. Provine (reported herewith) ante [143 Miss. 42, 108 So. 284, 45 A.L.R.], 824."
In 56 Am. Jur., Waterworks, sec. 61, p. 966, it is said:
"* * * a municipality which engages in furnishing water to its inhabitants is generally regarded as having a governmental discretion as to the limits to which it is advisable to extend its mains, and an extension will not be compelled by the courts at the instance of an inhabitant. Thus, it has been held that it is the function of the municipal authorities to determine when the necessity exists for the extension of a main to a particular territory, what size main is needed, and whether the financial condition of the city will warrant the expenditure, and their discretion, exercised in good faith, cannot be controlled by mandatory injunction. Accordingly, it is held in several cases that a municipality is not bound to furnish a supply of water to every inhabitant who demands it regardless of the expense involved or the returns that will result, and that there is no duty to extend water mains where the cost thereof and the return therefrom would be greatly disproportionate. * * * The question of extension of a municipal water system to new territory taken into the corporate limits is within the discretion of the municipal authorities, whose decision is final, unless there is an abuse of discretion in the exercise of their judgment thereon. * * *."
Cf. Lawrence v. Richards, 111 Me. 95, 88 A. 92, 47 L.R.A., N.S., 654 (Sup. Jud. Ct. 1913).
*464 In the matter sub judice, it is uncontroverted that the 600 feet of main installed at municipal expense pursuant to the judgment of the Supreme Court (10 N.J. 229) has not a single consumer and the township has realized no revenue from its investment. There is proof that the municipal water company is operating at a deficit; that it has little money for further investments in main extensions on speculation; that in the serviceable area there are many other developments and some with upwards of 500 homes that have not been fully developed. Furthermore, there is questionable proof of immediate need; there are no consumers in the area for which plaintiff seeks main extensions and no assurance of a likely customer return in the reasonably proximate future. The effect of plaintiff's request is to ask the municipality to take a stake in the speculation of its success in the prospective development of the area, without assurances as to the amount of return it will receive for its investment or when it will be realized, if ever. We do not find that the municipality's disinclination so to do was an arbitrary, unreasonable or abusive exercise of discretion. As Mr. Justice Heher stated: "* * * a municipality so engaged exercises a governmental discretion as to the extension of the water mains, governed largely by the extent of the need and economic considerations * * *." Reid Development Corp. v. Parsippany-Troy Hills Tp., supra. The holding in the prior case is distinguishable from the present matter, in that the prior case turned upon the municipality's withholding of the grant of the extension as a means of coercing the landowner into accepting a suggested change in the minimum lot size, which action was held to be an abuse of discretion.
We direct our attention to the validity of the ordinance requiring the developer to extend the water main at his own expense. The municipal authority to operate a water company is found in R.S. 40:62-46 to R.S. 40:62-105. R.S. 40:62-65 authorizes the installation and maintenance of pipes and mains; R.S. 40:62-77 authorizes the adoption of legislative enactments as may be necessary and proper to *465 control the distribution, supply, use and protection of facilities. R.S. 40:62-78 provides authority for imposition of charge for
"* * * the installation, purchase price, repair and testing of any water meter, water service, connections, appliances or parts, and renewals thereof, heretofore or hereafter furnished or made by the municipality, or any department thereof, in or upon such house, tenement, building or lot or connecting therewith, and the interest and penalties charged. The price or rent so fixed, and the other costs, expenses, interest and penalties shall be a lien upon said house, tenement, building or lot until paid and satisfied."
In the words of Mr. Justice Heher (10 N.J. 229, 238): "We are not cited to any statutory authority for laying upon the landowner the cost of construction of the new water mains." As stated in Federal Shipbuilding & Drydock Co. v. City of Bayonne, 102 N.J. Eq. 475, at page 480 (Ch. 1928), affirmed 104 N.J. Eq. 196 (E. & A. 1929):
"A municipal corporation, being a creature of the state, possesses only such power as the state confers upon it. Breninger v. [Treasurer of Town of] Belvidere, 44 N.J.L. 350; State (Terhune, Prosecutor) v. City of Passaic, 41 N.J.L. 90, 93. And in construing a grant of power to a municipality any fair reasonable doubt concerning the existence of the power is resolved against the municipality and the power is denied. Meday v. Borough of Rutherford, 65 N.J.L. 645, 648."
The philosophy or scheme for the imposition of charges for utility improvements against abutting landowners has been based upon the extent to which the lands are benefited, in proportion to and not in excess of the benefits. Doughten v. City of Camden, 72 N.J.L. 451 (E. & A. 1906). Under the circumstances we conclude that the ordinance is invalid because of the lack of statutory authority to impose the costs in the manner ordained.
Furthermore, a charge against the plaintiff for the entire cost of the main extensions would be unjust because, as already set forth, the 43 lots referred to not owned by the plaintiff would receive the benefits of the water service thus *466 made available without sharing the proportionate cost of the improvement. To lay the entire cost upon a single owner, even though it receives the major benefit, is such discrimination as would render the application of the ordinance illegal even if it were not invalid in itself. River Edge Homes, Inc., v. Borough of River Edge, 130 N.J.L. 376, 381 (Sup. Ct. 1943).
We have considered the other arguments advanced by the plaintiff but consider the foregoing determination dispositive of this appeal.
The judgment is affirmed except with regard to the validity of the ordinance, which is declared invalid and is hereby set aside. No costs to either party.