**WRIGHT DEVELOPMENT, INC., a corporation, Plaintiff and Appellant,**

v.

**The CITY OF WELLSVILLE, a Municipal Corporation, Defendant and Respondent.**

No. 16531.

Supreme Court of Utah.

Feb. 27, 1980.

W. Scott Barrett of Barrett & Mathews, Logan, for plaintiff and appellant.

L. Brent Hoggan of Olson, Hoggan & Sorenson, Logan, for defendant and respondent.

CROCKETT, Chief Justice:

Wright Development, Inc. sought the district court to mandamus the City Council of Wellsville to approve a proposed subdivision plat. After the presentation of the plaintiff's evidence, the court granted defendant's motion to dismiss on the ground that such approval or disapproval rested within the discretion of the city council and that mandamus to command it to act in approval was not justified. Plaintiff appeals.

Plaintiff Wright is the purchaser of a tract of land west of Wellsville, which has been annexed to the city, and on which plaintiff is planning a subdivision. He caused a preliminary plat to be prepared and presented to the city planning and zoning commission; and on its face it is indicated that the commission gave its approval on August 4, 1977. There are some notes on the plat, one of which refers to a letter submitted by plaintiff dated September 23, 1977. In the letter, the plaintiff proposed to provide a six-inch water line to connect with the city water system, a distance of about two city blocks. The city engineer approved the preliminary plat on the same date as the letter, but there is no other evidence that either the city planning commission, or more importantly, the city council, approved the plat or the conditions stated in the letter.

When the matter was submitted to the city council, it indicated that it would not approve the proposed subdivision unless an eight-inch water line was installed. (There appears to be controversy about some other matters: whether the plaintiff was the "owner" of the property as required by Secs. 57–5–1, 2, 3 and 4, U.C.A.1953; and as to whether plaintiff met requirements as to flood control. But in view of the trial court's ruling, and our affirmance thereof, it is not necessary to be concerned with those matters in this decision.)

Plaintiff argues that it had a right to rely upon the actions of the city engineer and the planning and zoning commission, and that the only prerogative the city council had thereafter was the ministerial act of approving its plan and subdivision. In regard to this urgence of the plaintiff, we note our agreement with the idea that the city through its agents should not so act as to mislead a subdivider into making commitments and incurring expenses which will result in unfairness and injustice to him. Notwithstanding the foregoing, the subdivider, as a responsible individual engaged in an important business undertaking, is obliged to know the law and the ordinances governing the creation of subdivisions.

It is so plain as to leave no room for misunderstanding that the prerogative and responsibility for making the final and controlling decisions as to the growth and management of the city is vested in the city council; and that what is done by the city engineer and by the planning and zoning commission are but preliminary to and are to be regarded as advisory to that governing body.[1]

The action of the district court reflects a correct understanding and application of the basic principles relating to the extraordinary writ of mandamus: that its purpose is not for the courts to intrude into or interfere with the functions or the policies of other departments of government. Accordingly, where the action sought is a matter of discretion, the court may require the public body (or public official) to act, but will not substitute its judgment for that of the public body, by telling it how it must

---

1. It is expressly and clearly stated in Section 57 5 3, U.C.A.1953, that such plats in any city or town "shall be approved by its governing body."

decide;[2] and when it has so acted the courts will not interfere therewith unless the determination made is in violation of substantial rights, or is so totally discordant to reason and justice that its action must be deemed capricious and arbitrary.[3]

Affirmed. Costs to defendant (respondent).

**2.** *Rose v. Plymouth Town,* 110 Utah 358, 173 P.2d 285 (1946); 52 Am.Jur.2d 399 and cases therein cited.

**3.** *Mantua Town v. Carr*, Utah, 584 P.2d 912 (1978).