**STATE of Missouri ex rel. Richard COX and Arlene Cox, Appellants,**

v.

**The CITY OF RAYMORE, Missouri, et al., Respondents.**

**No. WD 38361.**

Missouri Court of Appeals, Western District.

Feb. 3, 1987.

C. David Whipple and Bruce C. Jackson, Jr., Kansas City, for appellants.

David E. Martin, Grandview, for respondents.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PRITCHARD, Presiding Judge.

Appellants sought a writ of mandamus to compel the City of Raymore to provide its normal and ordinary municipal services, including municipal water service, to land annexed by it in 1971, which land is now owned by appellants. The trial court sustained the City's motion to dismiss the petition for writ of mandamus.

According to the petition, appellants own 160 acres of land which, in 1971, was outside the corporate city limits of Raymore. On May 13, 1971, the City of Raymore adopted a resolution to annex the property which recited that "The City of Raymore will be able to provide said area with city police and fire protection and street maintenance, and other normal municipal services." In its petition for declaratory judgment to obtain the annexation, the City alleged "9. That the city is able to furnish normal municipal services of the city in the manner provided in the city ordinances to all of said areas within a reasonable time after annexation; including, but not re-

stricted to, fire protection, police protection, municipal water service, and health protection; and is, in fact, already furnishing many of these services to most of said areas at the present time." In the judgment entry of June 16, 1971, the trial court found that the "plaintiff will be able to provide its normal municipal services to its citizens within the annexed area within a reasonable time after such annexation" and granted the annexation.

After the motion to dismiss was sustained, relators filed a motion for new trial which was argued, and in overruling it, the trial court made this docket sheet entry: "Court specifically finds that mandamus does not lie in this case, that Petitioners are attempting to use a Writ of Mandamus to control or direct how the discretion of the City Council of Raymore, Mo. shall be exercised. Court finds that furnishing of a water system is not a ministerial function of the City of Raymore, Mo. The Court further finds that the Petitioners made no allegation that the City of Raymore, Mo. exercised its discretion arbitrarily, capriciously, or in bad faith."

Appellants contend that the City is equitably estopped to assert that it was not required to furnish normal municipal services, including water service, within a reasonable time after annexation by reason of its resolutions and allegations in the declaratory judgment action of 1971, and the judgment thereon is res judicata on the issue. Neither estoppel nor res judicata apply. All that was required in the Sawyers Act proceeding was that the City allege that it *would* be able to provide its normal municipal services within a reasonable time after annexation, not that it was bound to do so.

What this case turns on is the issue of whether the furnishing of water service is a ministerial or a discretionary act of the City. Although appellants' property lies within the City's corporate limits, it has been rather uniformly held that, although there exists a basic underlying obligation of a city owning a general domestic water system to supply all applicants in substan-

tially like position to those being served, a city cannot be compelled to extend its system at the instance of a prospective customer. This is because a municipality exercises a discretionary function in deciding whether or not to extend its system to an entirely new section within its territorial limits. See Anno: Municipal Water System —Extension, 48 A.L.R.2d 1222, II, § 3 and § 4. Among the cases there cited holding to that view are *Wickenburg v. Sabin,* 68 Ariz. 75, 200 P.2d 342 (1948); *Browne v. Bentonville,* 94 Ark. 80, 126 S.W. 93 (1910); *Linck v. Litchfield,* 31 Ill.App. 118 (1889); and *Brasier v. Lincoln,* 159 Neb. 12, 65 N.W.2d 213 (1954). Other cases in § 4 apply factors such as physical remoteness of the locality in which service is sought and disproportionate expense is involved (there is no evidence here of where in the City's corporate limits appellants' property is located or how far from existing water lines it is, or anything as to cost of providing them service), the exercise of discretion in refusing to make water system extensions is very generally upheld: *Marr v. Glendale,* 40 Cal.App. 748, 181 Pac. 671 (1919); *Moore v. Harrodsburg,* 105 S.W. 926 (Ky.1907); *Lawrence v. Richards,* 111 Me. 95, 88 A. 92 (1913); *Schriver v. Mayor & City Council of Cumberland,* 169 Md. 286, 181 A. 443 (1935); and *Rose v. Plymouth Town,* 110 Utah 358, 173 P.2d 285 (1946). See also *Greenwood v. Provine,* 143 Miss. 42, 108 So. 284 (1926), and *Walter v. Mahaffey,* 24 Pa.Dist. 954 (1915).

Appellants' cited cases are distinguishable. In *Reid Development Corp. v. Parsippany-Troy Hills Tp.,* 10 N.J. 229, 89 A.2d 667 (1952), it was held to be an abuse of discretion for the township to refuse extension of water mains 600 feet based solely on the plaintiff's refusal to comply with lot-size restrictions. But note the later case of *Reid Development Corp. v. Parsippany-Troy Hills Tp.,* 31 N.J.Super. 459, 107 A.2d 20 (1954), where it held not to be an abuse of discretion to refuse a 3,060 feet extension, on facts that no consumer was on the previous 600 feet extension, and there was questionable proof of immediate need of an extension. In *Safrit v. Costlow,*

270 N.C. 680, 155 S.E.2d 252, 255[1] (1967), involving a requested sewer extension where the city had not followed through with its plans therefor, mandamus was the *statutory* remedy provided to require the municipality to follow through on its statutorily adopted service plans.

For further authority on the investment of discretion in a municipality in extension of water mains, see 12 McQuillan, Municipal Corporations, § 35.35 e, p. 593. In this case, appellants have made no allegations that the City was arbitrary, capricious, or in bad faith, in refusing them the extension of water services to their property. Thus, the trial court did not err in sustaining the motion to dismiss their petition.

The judgment is affirmed.

All concur.