# Ladner *v.* Mississippi Public Utilities Co.

(Division A.  November 24, 1930.)

[131 So. 78.  No. 28915.]

**E. F. Coleman,** of Purvis, for appellant.

Green & Green, of Jackson, for appellee.

T. W. Davis, of Purvis, for appellee.

Argued orally by **Marcellus C. Green**, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant, Mrs. Marie Ladner, is a resident of the town of Purvis, Mississippi, while the appellee, Mississippi Public Utilities Company, is a corporation which, at the time of the institution of this suit, owned the water-works plant and system in the town of Purvis, which was operated under a franchise granted by said town for the use of its street, avenues, alleys, highways, and crossings, for the purpose of laying pipes and placing fixtures necessary to furnish water to the town and residents thereof. The appellant filed a bill of complaint in the chancery court of Lamar county, alleging that, as one of the citizens and property owners of the town of Purvis, she is entitled to be served with water by the appellee company by reason of the nature of the franchise granted to the appellee by the said town, that she had made application to the appellee company for such service, but that it had willfully, obstinately, and unlawfully refused

to extend its mains and pipes to furnish her with water, and praying for the issuance of a mandatory injunction directing and requiring the appellee to extend its water mains and pipes to the property line of appellant, and to furnish her water as required by its franchise.

The appellee answered the bill of complaint and admitted that it owned the franchise, but denied that it willfully, obstinately, and unlawfully refused to furnish water to the appellant, and denied that it was under any obligation to extend its water mains from twelve hundred to eighteen hundred feet for the purpose of furnishing water to the appellant, and denied that its franchise imposed upon it the duty and obligation to so extend its water mains for such purpose. The cause was heard upon the bill, answer, and proof offered by the respective parties, and the court entered a decree denying the injunction prayed for, and from this decree this appeal was prosecuted.

The proof shows that the appellant lives within the corporate limits of the town of Purvis on a street or road called the Purvis and Baxterville road. It is one thousand eight hundred feet from the appellant's property line to the nearest eight-inch water main where it crosses the Purvis and Baxterville road. Extending along this road for about six hundred feet towards the appellant's property there is a three-inch water pipe; it being one thousand two hundred feet from the end of this three-inch pipe to the appellant's property line. The land along and adjacent to this road or street, from the end of this three-inch water pipe to the corporation line, is devoted principally to farming purposes. From the end of the present three-inch pipe on this street and the appellant's property, there are two residences. Six hundred feet beyond the appellant's property, and within the municipal limits, there is one residence and farm; and it was shown in the evidence that the owner of this residence and farm had a similar suit pending to

require the appellee to extend its mains so as to furnish his residence and farm with water. The evidence further shows that the corporate limits of the town of Purvis embrace a large area, much of which is devoted to farming, and is very sparsely settled.

There was much conflicting testimony as to the size and kind of pipe required to convey water from the present mains of the appellant company to the premises of the appellant and properly supply these premises with water, and numerous varying and conflicting estimates of the cost of laying such pipe of sizes varying from one to four inches. The evidence further shows, without conflict, that there is now no growth or development or present prospect of increase in the number of consumers of water in the territory adjacent to or near the premises of the appellant, or on or along the line of the proposed extension of the water mains. The estimates of the gross revenues to be derived from the extension necessary to supply the appellant's premises varied from eighteen to thirty dollars per year, while the estimates of the cost of the extension varied from three hundred thirty-three to one thousand eight hundred dollars. There was testimony to the effect that a water pipe of less than four inches would not render effectual and adequate service at a distance of one thousand two hundred feet from a larger main, and that two customers could not be efficiently served from a one-inch pipe one thousand two hundred feet in length.

In the case of City of Greenwood v. Provine, 143 Miss. 42, 108 So. 284, 286, 45 A. L. R. 824, it was held that a resident of a municipality living in a remote corner thereof cannot "compel the city authorities to extend its water mains to his premises regardless of the cost and expense to the city, merely because the citizen resides within the boundaries of the municipality. The extension of the water system from one part of the city where al-

ready laid to another part depends upon the reasonableness of such extension, considering the demand for it, the number of water-subscribers, and the revenue to be obtained from furnishing the water."

In so far as the particular duty of furnishing water to all the residents of the municipality is concerned, the rule is the same in the case of a water company operated under a franchise granted by the municipal authorities as in the case where the municipality owns and operates a water system. The duty of such a water company to extend the service to all applicants who reside within the municipality and are willing to comply with its regulations is not an absolute one, but it is charged with the duty of furnishing water where there is a reasonable demand for it, and a reasonable extension of the service can be made to meet the demand, considering the cost of the extension and the maintenance of the service, the present and prospective number of subscribers or customers, the present development and the prospective growth and development of the locality to be served, and the present and prospective revenue to be obtained from furnishing water in the territory to be served by such extension.

A very clear statement of the obligation of a water company in this regard, and one which we quote to approve, is found in the case of Lukrawka et al. v. Spring Valley Water Co., 169 Cal. 318, 146 P. 640, 646, Ann. Cas. 1916D, 277 (27 R. C. L. 1409), where the court said: "The obligation of the company is not to supply each or any number of inhabitants of the municipality on demand as an absolute right on their part, but it has only assumed and become charged with the public duty of furnishing it where there is a reasonable demand for it and a reasonable extension of the service can be made to meet the demand. The right to require the service and the duty of furnishing it by an extension of the water

system is to be determined from a consideration of the reasonableness of the demand therefor. It would hardly be claimed that the obligation of a water company exercising a public service franchise would require it on the demand of an inhabitant of the city, or even a number of them, residing at a long distance from a point in the city to which its mains are already extended, to further excavate the streets of the municipality at its own expense and extend its mains to them, where the rates to be charged for the water to be delivered would but to a slight extent compensate the company for the expenditures entailed in doing so; in fact, without any certainty that there would be a continuous consumption of water or a continuous payment of rates even after it was brought to them. On the other hand, where the extension of an existing main, if made only for a few feet, would supply the water service, the demand for making such an extension would obviously be a reasonable one, as the rates to be charged would ordinarily compensate for the expenditure made by the company. Between these particular cases suggested there is a wide field for the play of the rule of reasonableness of demand for service, and whether it does or does not exist must be determined by a court as a fact in each particular case where it is sought to compel an extension of service.''

Upon the extensive proof offered by the respective parties bearing upon the many elements and factors necessary to be considered in determining the reasonableness of the proposed extension, the court below denied the mandatory injunction prayed for, and we are unable to say that it was manifestly wrong in so doing. The assignments of error based upon the admission of certain evidence are without merit, and consequently the decree of the court below will be affirmed.

Affirmed.