**MANTUA TOWN, Plaintiff and Respondent,**

v.

**M. Bruce CARR, Defendant and Appellant.**

**No. 15442.**

Supreme Court of Utah.

Sept. 18, 1978.

---

Jon J. Bunderson, Brigham City, for defendant and appellant.

Dale M. Dorius, Brigham City, for plaintiff and respondent.

CROCKETT, Justice:

The controversy here arises from the defendant's insistence that he is entitled to water service both to a residence and to a greenhouse business adjacent thereto from one connection to the water system of the plaintiff, Mantua Town. Upon the basis of the pleadings and affidavits, it appeared that there is no dispute in the material facts and both parties moved for summary judgment. The district court ruled for the plaintiff and defendant appeals.

Prior to 1976, the defendant had a regular water residential connection. In that year he established a greenhouse from which he operates a business on a lot adjacent to the residence. He obtained his natural gas and electricity for the greenhouse by applying for and receiving separate hookups from the respective utility companies. However, for his water service, supplied by the town water system, he declined to so apply and pay the fee for a separate hookup, but attached pipes to serve the greenhouse through the water supply to the residence.

Mantua Town Ordinance Number 105, which provides the foundational authority under which it operates its water system provides in pertinent part:

Section 1: Mantua Town assumes complete and entire ownership and control of all water works, installations and connections to the Mantua Town Water System

. . .

Section 2: Supervision. The construction, repair and maintenance of the entire water works system shall be under the direction and control of the Mantua Town Board, which shall appoint a Superintendent of the water system and prescribe his duties and responsibilities.

Section 3: All connections to the Mantua Town Water System shall be made at the property owner's expense and shall require the installation of a water meter, which will be furnished at the Town's expense upon payment of the connection fee, as hereinafter set forth.

It will be seen from the ordinance that the management and control of the town water works system is vested in the Town Board. The Board had determined that under the circumstances shown, the furnishing of water to the defendant's greenhouse business is a separate service, which requires a separate connection and the installation of a water meter. The dis-

trict court correctly took the view that it is neither the prerogative nor the responsibility of the courts to supervise nor interfere with the management of such services; and that they will not intervene therein unless the administrative action is capricious, arbitrary or unreasonable, or that a substantial right has been violated.

■ Looked at realistically, the defendant's argument amounts to this: that if a user has one connection to a water system, he can service additional units therefrom. If this argument were sound, there would seem to be no reason why a user could not continue to add one unit at a time and thus serve an entire subdivision from one connection. The defendant has failed in his burden of convincing the trial court or this Court on appeal, that the action of the Town Board requiring him to obtain a separate connection for water service to his greenhouse was discriminatory, capricious or unreasonable.

Affirmed. Costs to plaintiff (respondent).

MAUGHAN, WILKINS and HALL, JJ., concur.

ELLETT, C. J., dissents.