**SOUTH WILLARD WATER COMPANY, a non-profit corporation, Plaintiff and Respondent,**

v.

**William D. MARSH d/b/a Bay Cliff Mobile Home Park and Vickie's Cafe Mobile Home Park, Defendant and Appellant.**

No. 15842.

Supreme Court of Utah.

March 26, 1979.

William D. Marsh, Ogden, for defendant and appellant.

Jeff R. Thorne, Brigham City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Plaintiff, South Willard Water Company (hereinafter "water company") brought this action against the defendant, William D. Marsh, to collect payment for water it had furnished to the business properties owned by the defendant referred to below. From a judgment of $789.63 the defendant appeals.

Defendant argues that since he owned stock in and was a member of the plaintiff's corporation it was without authority to increase the rates and assess the charges

against him which are the subjects of this controversy.

The water company was incorporated December 18, 1945, as a non-profit co-operative corporation. The purpose stated in its articles was to supply its members with water for culinary and domestic uses. They also provided that membership in the corporation was to be acquired through the purchase of a connection to the water company's system; and further, that "this corporation shall not have any capital stock, but shall issue certificates of membership as provided by the by-laws."

In 1970 defendant purchased property known as the Bay Cliff Mobile Home Park. This property was serviced by the plaintiff water company; and defendant became a member of the water company. In 1977 defendant acquired another business property, known as Vickie's Cafe and Mobile Home Park, also serviced by the water company.

On December 16, 1976, plaintiff's board of directors met and determined that there was a need to increase the rates charged the members. Accordingly, the directors resolved that the fee for each connection would be $12.00 per quarter, plus $0.15 per thousand gallons of water; and that where there were multiple hook-ups, i. e., more than one unit serviced from an individual connection, there would be an additional $4.00 per month for each added unit. This revised schedule was presented to the general membership at the annual meeting held February 3, 1977, and the members voted to accept it.

The defendant was billed under this newly approved schedule, but refused to pay more than the previous rate. After some disputation about the matter this suit resulted.

■ The argument defendant makes is that the new rates were not properly set because the water company did not follow the provisions of Sec. 16–4–4 through 24, U.C.A.1953. It will be noted that those sections apply to the assessments of stock in stock corporations. They therefore have no application to the procedure followed by plaintiff non-stock co-operative in fixing the rates to be charged for water furnished to its members.

■ The articles of incorporation of the plaintiff provide that "Assessments may be levied upon the members in accordance with the by-laws." The by-laws provide "The board of directors shall, prior to the beginning of each calendar year, determine the rate to be charged each member during the following year for water service, which said rate may provide for a flat minimum monthly rate to be payable irrespective of whether any water is used by a member . . ." It will thus be seen that the Board of Directors acted within the authority of the articles and by-laws in establishing the new rates.

Pertinent to this controversy is our recent decision in *Mantua Town v. Carr*, Utah, 584 P.2d 912. Therein we stated that "it is neither the prerogative nor the responsibility of the courts to supervise nor interfere with the management of such services (water); and that they will not intervene therein unless the administrative action is capricious, arbitrary or unreasonable, or that a substantial right has been violated."

We are not persuaded to disagree with the view of the trial court that the fixing of water charges was done within the authority of the board of directors of plaintiff and that there is nothing made to appear from which to conclude that their action was arbitrary, unreasonable or capricious.

Affirmed. Costs to plaintiff (respondent.)

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.