43 N.J. Super. 220 (1956)
128 A.2d 300
LAKE INTERVALE HOMES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
THE TOWNSHIP OF PARSIPPANY-TROY HILLS, IN THE COUNTY OF MORRIS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 20, 1956.
*221 Messrs. Budd, Larner & Kent (Mr. Samuel A. Larner, appearing), attorneys for plaintiff.
Messrs. Jeffers, Mountain and Franklin (Mr. Worrall F. Mountain, Jr., appearing), attorneys for defendant.
HALL, J.S.C.
Plaintiff has moved for summary judgment and to amend the ad damnum clause with respect to the first count of the complaint.
By the first count, plaintiff sues for reimbursement of the cost of water mains which it installed to serve houses it constructed on lands owned by it in the township. It is alleged as the basis of the cause of action that it was the obligation and duty of defendant to install the mains, since it operates a municipal water system, and that plaintiff was required to do so at its own cost because of improper and unlawful demands of defendant amounting to duress, with resulting unjust enrichment of defendant. It is not alleged that plaintiff requested defendant to make the installation and the latter refused, although plaintiff's affidavit on the motion so stated.
The second count of the complaint alleged an analogous cause of action with reference to the construction of certain roads by plaintiff, but this motion does not concern that count.
Defendant's original answer amounted to a denial of any unlawful demands or duress on its part and a denial of any legal obligation or duty to install the mains at the municipality's rather than plaintiff's expense.
On the same day plaintiff's present motion was returnable, defendant also moved to file an amended answer and counterclaim. This motion was heard first. The proposed amendment to the answer consisted of two separate defenses, *222 the first being basically a factual elaboration of the general denial of obligation or duty and of unlawful demands and duress contained in the original answer, and the second expressing a contention to the effect that even if the municipality might have a general legal obligation to install mains, nonetheless, factually it would be unable to do so here, since it has neither funds nor a labor supply available for the purpose and since there are numerous other houses in the township not now served with municipal water and which are entitled to priority of installation over plaintiff. I granted defendant's motions to so amend.
The proposed counterclaim sought a declaratory judgment on the applicability of the Municipal Planning Act of 1953 and a municipal ordinance adopted pursuant thereto, to plaintiff and its building operations. Since this issue is essentially raised by the first separate defense of the amended answer, I denied the motion to file the counterclaim.
Proceeding, then, on the same day to the argument on plaintiff's motion, it clearly appeared from the affidavits filed and the arguments of counsel that the entire case, on the first count, even without the additional issue introduced by the second separate defense, could not be decided on the motion because of the lack of complete facts in the affidavits and the presence of factual issues.
However, it also appeared that the defense (except with respect to the second separate defense), as shown by defendant's general denial in its original answer of any legal obligation to install water mains at municipal rather than plaintiff's expense, by the allegations of the first separate defense introduced by the amended answer, and by its affidavit in opposition to plaintiff's motion, is fundamentally based on the legal contention that there is legislative warrant for a municipality operating its own water system to require a developer or subdivider such as plaintiff to bear the expense of installing water mains. Plaintiff, by the allegations of the complaint and the affidavit submitted on this motion, takes the position that no such legislative sanction to charge a developer with any portion of the cost of mains exists *223 with respect to a municipality having its own water system, whatever the situation may be when water in the area is supplied by a private water company. When this became apparent, in order to determine this basic legal question, I treated plaintiff's motion as directed solely to this defense (R.R. 4:58-1) and continued it for further briefs and argument, which have been had.
More specifically, plaintiff urges that two prior appellate decisions involving a similar problem in this same municipality: Reid Development Corporation v. Township of Parsippany-Troy Hills, 10 N.J. 229 (1952), and Reid Development Corporation v. Township of Parsippany-Troy Hills, 31 N.J. Super. 459 (App. Div. 1954), where ordinances and other municipal action seeking to compel developers to bear the expense of the installation of water mains were held invalid for lack of statutory authority, among other reasons, are still controlling. Defendant contends that any lack of statutory authority has been supplied since those decisions by the Municipal Planning Act of 1953 (N.J.S.A. 40:55-1.1 et seq., especially N.J.S.A. 40:55-1.21), and the adoption by this municipality pursuant thereto of a subdivision regulation ordinance containing provisions requiring a subdivider to install, or guarantee the installation of water mains as may be required by the governing body. Plaintiff retorts that such statutory authorization is not adequate or applicable where the water supply system is operated by the municipality, on the ground that municipal powers with respect thereto are governed and limited by the statutory provisions specifically relating to such a municipal utility (R.S. 40:62-47 et seq.) which contained no expression of power to charge for the installation of mains at the time of the earlier cases and have not been changed since.
I do not conceive that the two cited cases are conclusive authority on the issue presently before me. In neither of them is there the slightest indication that the municipal ordinances involved were subdivision regulation ordinances adopted pursuant to and under the authority of the then *224 Planning Act. The inference is quite to the contrary. Neither court passed upon the instant question. The references by Justice Heher in the first case (10 N.J., at pages 235 and 238) to Magnolia Development Co., Inc. v. Coles, 10 N.J. 223 (1952), which is the case immediately preceding in the reports, indicates recognition of possible different municipal powers when asserted through the proper application of the Planning Act.
The Planning Act of 1953 (L. 1953, c. 433; N.J.S.A. 40:55-1.1 et seq.) provides: "The governing body may by ordinance provide for the regulation of subdivisions within the municipality by requiring the approval of the governing body, by resolution, of all plats * * * before such plats may be filed with the county recording officer * * *" (N.J.S.A. 40:55-1.14), and "Before final approval of plats the governing body may require, in accordance with the standards adopted by ordinance, the installation, or the furnishing of a performance guarantee in lieu thereof, of any or all of the following improvements it may deem to be necessary or appropriate: * * * water mains * * *." (N.J.S.A. 40:55-1.21). The statute further ordains that: "This act shall be construed most favorably to municipalities, its intention being to give all municipalities the fullest and most complete powers possible concerning the subject matter hereof. * * *" (N.J.S.A. 40:55-1.3).
Under the uncontradicted proofs before me, defendant has adopted a subdivision regulation ordinance under the authority of this statute, which contains a requirement that subdividers subject to the ordinance "shall install or guarantee the installation of such of the following improvements or portions thereof as may be required by the governing body * * * (f) water mains * * * and all appurtenances to such facilities properly connected with approved systems of water supply * * *."
Parenthetically, it may be observed that somewhat similar powers were given a municipality by the original Planning Act (R.S. 40:55-12 and 14, as amended by L. 1948, c. 464), but, as I have said, there is no indication that *225 the ordinances of this township under review in the earlier cases were adopted pursuant to and within the protective framework of that earlier statutory authority.
In view of the broad language and purpose of the Planning Act, I find no sound reason to conclude that N.J.S.A. 40:55-1.21 should be interpreted to apply only where the water to run through the water mains is supplied by a private water company as distinct from a municipal system, simply because there was no contemporaneous amendment of the specific statutes relating to public water utilities municipally owned (R.S. 40:62-47 et seq.). In my opinion, the provisions of the Planning Act control and are an adequate expression of municipal power, whether the supplier of the water be governmental or private. Having in mind the objects of the Planning Act, a subdivider should be no worse off and no better off simply because a municipal utility furnishes one of the services he must install. So, as an abstract proposition of law applicable in this case, I conclude that there is ample statutory authority for a municipality to require a subdivider to install water mains, in an appropriate case, where the water system is operated by the municipality.
It is, of course, to be noted that the municipal power to regulate subdivisions and so to require the installation of improvements can only be exercised where the improvement arises in connection with a subdivision as defined in the statute (N.J.S.A. 40:55-1.2) and where a plat thereof must be approved before it may be filed. Compliance is assured by penalty and injunctive provisions where there is a conveyance or agreement to sell any land forming part of a subdivision (N.J.S.A. 40:55-1.23) and by the requirements of the Official Map and Building Permit Act forbidding the issuance of a building permit unless the lot abuts on a street shown, among other means, on a plat approved as provided in the Planning Act (N.J.S.A. 40:55-1.39).
Whether plaintiff in the instant situation came within the four corners of the subdivision regulation ordinance *226 and, if so, in what manner and to what extent the obligation to install mains legally could or should have been imposed upon it under the particular circumstances, are matters which cannot be determined on the present motion, but must await trial or other further development of the case.
Plaintiff's motion for summary judgment is, therefore, denied, but the determination of the legal question herein passed upon shall represent the law of the case.
Plaintiff's motion to amend the ad damnum clause of the first count of the complaint to read $10,301.42 is granted, but the allowance of the amendment shall not be construed as any expression of opinion by the court on the question of whether plaintiff, if entitled to recover at all, is entitled to more than the amount specified in the agreement between the parties.
Defendant's attorney will prepare an order in accordance with these conclusions and submit same for signature, after approval as to form by plaintiff's attorney. No costs to either party.