**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5048-18

MARIA PIEMONTESE,

    Plaintiff-Appellant,

v.

THREE COUNTY VOLKSWAGEN
CORPORATION AND JAMES
MASTROGIOVANNI,

    Defendants-Respondents.

_____

Submitted February 10, 2021 – Decided April 21, 2021

Before Judges Vernoia and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8975-18.

Dunne, Dunne & Cohen, LLC, attorneys for appellant (F.R. Dunne, III and Mena H. Ibrahim, on the brief).

Ahmuty Demers & McManus, attorneys for respondents (Roberto Creagh, on the brief).

PER CURIAM

Plaintiff Maria Piemontese appeals from a May 10, 2019 order dismissing her complaint, and a June 21, 2019 order denying her motion for reconsideration. We reverse and remand for reinstatement of plaintiff's complaint.

On December 13, 2018, plaintiff filed a pro se complaint seeking damages from defendants Three County Volkswagen, Corp. and its sales agent, James Mastrogiovanni, in connection with a car purchase. She alleged that on December 23, 2016, defendants committed "fraudulent acts" by using her credit card to buy a car for her friend, Justo De La Vega.[1]

Plaintiff claimed she drove De La Vega to the dealership on December 23 so he could finalize the purchase of a car for himself. After running a credit check, Mastrogiovanni informed De La Vega that he was not qualified to finance the purchase of the vehicle. According to plaintiff, without her knowledge or authority, Mastrogiovanni then used her credit card to finance the purchase of the car in her name. Plaintiff further alleged Mastrogiovanni used her credit card for various add-on options, such as gap insurance, tire coverage, and extended warranties.

In lieu of filing an answer, defendants moved to dismiss the complaint for failure to state a claim under Rule 4:6-2(e). Defendants argued plaintiff's

---

[1] Defendants claim the transaction occurred on December 24, 2016.

A-5048-18

complaint failed to allege sufficient facts to satisfy the elements of common law fraud. In support of defendants' motion, Mastrogiovanni certified plaintiff and De La Vega came to the dealership on December 24, 2016, but that when De La Vega did not qualify to finance the car, plaintiff agreed to have the car financed in her name. Mastrogiovanni attached documentation evidencing proof of the purchase, including a sales contract, a gap insurance form, financing confirmation, and the vehicle invoice, all reflecting plaintiff's name and signature.

On May 10, 2019, the trial court granted defendants' unopposed motion and dismissed plaintiff's complaint.[2] The motion judge concluded plaintiff's "complaint fails to allege the elements of common law fraud . . . . Plaintiff has failed to allege any evidence of a misrepresentation of facts by [defendants], upon which plaintiff detrimentally relied to induce her to purchase a vehicle." On June 6, 2019, plaintiff filed a motion for reconsideration which was denied

---

[2] To the extent defendants' motion relied on materials outside the pleadings, it should have been treated as a motion for summary judgment. See R. 4:6-2 (stating that if a party on a Rule 4:6-2(e) motion to dismiss relies on "matters outside the pleading[s,]" the motion should be "treated as one for summary judgment and disposed of as provided by [Rule] 4:46, and all parties shall be given reasonable notice of the court's intention to treat the motion as one for summary judgment and a reasonable opportunity to present all material pertinent to such motion").

A-5048-18

on June 21, 2019.  The motion judge found plaintiff did not meet the criteria for relief under Rule 4:49-2.

On appeal, plaintiff argues the motion judge erred by dismissing her complaint.  She also raises the novel argument that her reconsideration motion should have been granted to give her a chance to amend her complaint.  Alternatively, she contends she should be allowed to amend her complaint based on "interests of equity, fairness and justice."

We review the grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court.  Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010).  Such review "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint," and, in determining whether dismissal under Rule 4:6-2(e) is warranted, the court should not concern itself with plaintiff's ability to prove her allegations.  Printing Mart-Morristown v. Sharp Elecs, Corp., 116 N.J. 739, 746 (1989).

If "the fundament of a cause of action may be gleaned even from an obscure statement of claim," then the complaint should survive this preliminary stage.  Ibid. (quoting Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 224, 252 (App. Div. 1957)).  "The examination of a complaint's

A-5048-18

allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." Ibid. "If a generous reading of the allegations merely suggests a cause of action, the complaint will withstand the motion." F.G. v. MacDonell, 150 N.J. 550, 556 (1997). A trial court should grant the dismissal "in only the rarest of instances." Printing Mart-Morristown, 116 N.J. at 772. Ordinarily, such motions are granted without prejudice. Smith v. SBC Communs., Inc., 178 N.J. 265, 282 (2004).

In New Jersey, there are five elements of common law fraud: "(1) a material misrepresentation of the presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resultant damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997).

"A complaint sounding in fraud, must on its face, satisfy the requirements of Rule 4:5-8." State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Intern., Inc., 387 N.J. Super. 469, 484 (App. Div. 2006). Rule 4:5-8(a) requires that any complaint alleging fraud provide the "particulars of the wrong, with dates and items if necessary, . . . insofar as practicable. Malice, intent, knowledge, and other condition of mind of a person may be alleged

generally." A court may dismiss a complaint alleging fraud if "the allegations do not set forth with specificity, nor do they constitute as pleaded, satisfaction of the elements of legal or equitable fraud." Levinson v. D'Alfonso & Stein, 320 N.J. Super. 312, 315 (App. Div. 1999).

Governed by these standards and viewing the complaint in light of the applicable law, we find plaintiff's complaint sufficiently alleged a "fundament of a cause of action," so that it should have survived defendants' dismissal motion. See Printing Mart-Morristown, 116 N.J. at 746. Plaintiff specifically alleged that on December 23, 2016, defendants committed "fraudulent acts" by using her credit card to finance the purchase of De La Vega's vehicle "without consulting with her" and that they were able to "get financing of" over $37,000 by doing so. Further, she alleged that when Mastrogiovanni asked her for her driver's license and credit card, she believed this was "a precaution to maybe test drive the car [her] friend was buying." Additionally, she asserted that a "few days later," she noticed "the dealer used [her] credit card for a loan [in her] name instead of [her] friend, who was buying and negotiated the car." Plaintiff alleged she begged defendants to cancel the deal and they refused, so she "had to pay from [her] own pocket." These limited facts sufficiently stated "particulars of the wrong, with dates" to satisfy the requirements of Rule 4:5-8(a).

6

Plaintiff's alleged facts also implicated a Consumer Fraud Act (CFA) claim, N.J.S.A. 56:8-1 to -20. CFA provides, in part, that it is unlawful for persons to use or employ

> any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . whether or not any person has in fact been misled, deceived or damaged thereby.
>
> [N.J.S.A. 56:8-2.]

Although plaintiff's complaint was "bare bones" in nature, we are satisfied from the particular claims she asserted that the complaint was legally sufficient to withstand a dismissal under Rule 4:6-2(e).

The court's order "dismissed" the complaint "pursuant to [Rule] 4:6-2(e)." We presume the complaint was dismissed without prejudice since "[o]rdinarily a dismissal for failure to state a claim is without prejudice." Pressler & Verniero, Current N.J. Court Rules, cmt. 4.1.1. on R. 4:6-2(e) (2019); see also Nostrame v. Santiago, 213 N.J. 109, 128 (2013). Plaintiff therefore appealed from an interlocutory order without leave of this court. See Grow Co. v. Chokshi, 403 N.J. Super. 443, 460 (App. Div. 2008) (explaining a "dismissal without prejudice of unadjudicated claims that have not been concluded in fact

7

but are left to be resurrected in a new suit" does not constitute a final judgment allowing appellate review as of right); CPC Int'l, Inc. v. Hartford Accident & Indem. Co., 316 N.J. Super. 351, 366 (App. Div. 1998) (finding a dismissal of a claim without prejudice is not a means "to foist jurisdiction [over an interlocutory order] upon this court").  Nonetheless, because defendant does not argue plaintiff improperly filed a direct appeal from an interlocutory order, and the parties have fully argued the merits, we grant plaintiff leave to appeal nunc pro tunc, and, for the reasons stated, we reverse the trial court's May 10 and June 21, 2019 orders and remand for reinstatement of plaintiff's complaint.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5048-18